J-S44004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SEAN PATRICK SAUSMAN AND KHUSHBU J. SHAH | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BORIS KEISSERMAN AND VRTX INVESTMENTS, INC. | : | No. 423 EDA 2023 |
| Appellants | : | |

Appeal from the Judgment Entered May 8, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 200401444

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

CONCURRING STATEMENT BY COLINS, J.:        **FILED DECEMBER 3, 2024**

I join in the learned Majority's decision in full, but I do so reluctantly with respect to the vacatur of the trial court's judgment as to defendant Boris Keisserman.  I agree with the Majority that the trial court should not have applied Restatement (Second) of Torts Sections 422(A) and 819 to find Keisserman vicariously liable for defendant VRTX Investments, Inc.'s negligent excavation on Keisserman's property where those provisions had not been adopted by our Pennsylvania Supreme Court.  I further agree that plaintiffs did not specifically prove a special danger or peculiar risk associated with the excavation in this case that would have allowed for the imposition of vicarious liability to Keisserman under prevailing Pennsylvania law.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Nevertheless, as a matter of policy, I believe that legal responsibility should fall on the excavating property owner for damage to his neighbors' property, particularly where the buildings involved directly abut the property line and form a party wall between them, as in the present case. Moreover, I question whether some of the language of **Warfel v. Vondersmith**, 101 A.2d 736 (Pa. 1954), quoted by the Majority stating that an excavating owner has no obligation to provide lateral support to structures on a neighbor's property, **see id.** at 737, reflects the reality of development within the urban areas of this Commonwealth. However, the potential adoption of the cited Restatement provisions and disapproval of **Warfel** are matters that are beyond the scope of this Court's authority and may only be undertaken by our Supreme Court after grant of allowance of appeal.

Judge Nichols joins.